[No. B009168. Second Dist., Div. Five. Oct. 3, 1985.]

M. E. HERSCH et al., Plaintiffs and Respondents, v.
CITIZENS SAVINGS AND LOAN ASSOCIATION et al.,
Defendants and Appellants.

**COUNSEL**

Ervin, Cohen & Jessup, Richard Amerian, Dean B. Herman and Benjamin D. Scheibe for Defendants and Appellants.

Hillel Chodos for Plaintiffs and Respondents.

**OPINION**

**HASTINGS, J.**—In this appeal we must determine whether Code of Civil Procedure section 685.010[1] can be applied retroactively.

Appellants Citizens Savings and Loan Association et al., appeal a writ of execution issued by the superior court in favor of M. E. Hersch and Mitchell H. Hersch, respondents, that computed interest at the rate of 10 percent per annum on the unpaid judgment affirmed by this court,[2] instead of 7 percent per annum.

---

[1] Section 685.010 provides: "(a) Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied. [¶] (b) The Legislature reserves the right to change the rate of interest provided in subdivision (a) at any time to a rate of less than 10 percent per annum, regardless of the date of entry of the judgment or the date any obligation upon which the judgment is based was incurred. A change in the rate of interest may be made applicable only to the interest that accrues after the operative date of the statute that changes the rate." This section superseded a similar section that existed for only six months from January 1, 1983, to June 30, 1983.

[2] In *Hersch* v. *Citizens Savings & Loan Assn.* (1983) 146 Cal.App.3d 1002 [194 Cal.Rptr. 628], we affirmed the judgment and awarded as sanctions against appellants the sum of $125,000, plus an unspecified amount of attorneys fees and costs to be calculated by the trial court. The parties subsequently agreed that respondents' claims for these additional attorneys fees and costs would be settled for $75,000.

The parties agree on the single issue involved and the facts giving rise to the issue. On November 20, 1980, judgment was entered in favor of respondents and against appellants in the amount of $952,393.08, including prejudgment interest, attorneys fees pursuant to Civil Code section 1717 and trial costs. Respondents demanded payment from appellants in the amount of $1,441,618.91. This amount included the original judgment, plus interest at 10 percent per annum from November 20, 1980 to December 2, 1983, the attorneys fees and the sanctions of $125,000 awarded by this court. Appellants claimed the interest should have been computed at the rate of 7 percent per annum and thereupon paid to respondents the sum of $1,381,265.90. Respondents executed a partial satisfaction of judgment and then presented an application for a writ of execution to the clerk of the Los Angeles Superior Court seeking the additional sum of $60,353.01 (the difference between 7 percent and 10 percent). The clerk refused to issue the requested writ; however, on motion of respondents the superior court directed the clerk to grant the writ thereby agreeing with respondents that the interest on the unpaid judgment should be calculated at 10 percent from November 20, 1980.

At the time of the judgment the legal rate of interest on unpaid judgments was 7 percent per annum. Effective July 1, 1983, Code of Civil Procedure section 685.010 provided that interest on unsatisfied judgments should be 10 percent per annum.

Appellants argue that the trial court erred in computing the interest on the November 20, 1980, judgment at 10 percent because it retroactively applied the subsequent legislation. Appellants rely on the recent case of *American National Bank* v. *Peacock* (1985) 165 Cal.App.3d 1206 [212 Cal.Rptr. 97], and well known principles of statutory construction and constitutional law that have refused retroactive application of civil law enactments in the past unless specifically authorized by the legislation.

In *American National Bank,* judgment was entered against the bank in September 1979. In September of 1983, after affirmance of the judgment on appeal, the bank received a "Memorandum of Credits, Accrued Interest and Costs after Judgment." Eventually the court set the interest rate at 7 percent from the date of judgment until December 31, 1981, and at 10 percent thereafter. Bank appealed contending the 10 percent interest should begin only after January 1, 1983, and not January 1, 1982. It was discovered that there was an internal inconsistency in the legislation and argument could be made that interest at 10 percent could be computed from a date earlier than the effective date of the statute.[3] The opinion held that the legislation was

---

[3]The opinion was concerned with the predecessor but similar statute to 685.010 that was in effect from January 1, 1983, to June 30, 1983. See footnote 1, *ante.*

not intended to act retroactively on those portions of unpaid judgments remaining unpaid on January 1, 1983. We cite below portions of the opinion that reached this conclusion.

"Section 6 of chapter 150 [that enacted § 685.010] provided: 'SEC. 6. This act governs the rate of interest on a judgment entered on or after January 1, 1982, and the rate of interest on and after January 1, 1982, on a judgment entered before January 1, 1982.'[4] (Stats. 1982, ch. 150, § 6, p. 496.) As a result, if read literally, as was done by the trial court in this case, section 685.010 is retroactive to January 1, 1982.

". . . . . . . . . . . . . . . . . . . . .

"At least superficially, the Legislature made it clear that a certain effective date was intended. However, an internal inconsistency appears when each section of the chapter is examined. While stating the new rate, the Legislature also sought to preserve its legislative discretion, subject to constitutional limits, by reserving the right to make future changes in the rate, even as to preexisting judgments. *It also stated the familiar rule that such changes would be prospective only, thus avoiding constitutional arguments over vested rights.* Nevertheless, without stating any reason for making an exception, it proceeded to make this change retroactive one year. Because the usual rule was expressly noted, and there was no statement of reasons for an exception, it is suggested an incorrect date was inadvertently included in the legislation. Substantial precedent permits us to reach that conclusion. [Italics added.]

". . . . . . . . . . . . . . . . . . . . .

"On two occasions in this case, Senator Raines successfully moved for an opinion of the Legislative Counsel to be printed in the Senate Journal. The preenactment opinion stated the effective date should be read to be January 1, 1983, contrary to the express language in the bill. The following portion of one of those opinions is illustrative: 'You have asked if that provision [section 6] would be interpreted literally, so that SB 203 would govern the rate of interest on a judgment entered on or after January 1, 1982, and the rate of interest on or after January 1, 1982, on a judgment entered before January 1, 1982, or would it be interpreted otherwise.

" 'Opinion No. 1

" 'Section 6 of SB 203 would be interpreted so that SB 203 would govern the rate of interest on a judgment entered on or after January 1, 1983, *and*

---

[4]*American National Bank* determined the dates should have been 1983 instead of 1982.

*the rate of interest on and after January 1, 1983, on an outstanding judgment entered before January 1, 1983; . . .'* [Italics added.]

" . . . . . . . . . . . . . . . . . . . . . . . .

"In a very thorough analysis, the Attorney General's office also expressed the opinion that the operative date of section 685.010 was January 1, 1983. (66 Ops.Cal.Atty.Gen. 217, 225 (1983).) The Attorney General was concerned with constitutional problems retroactive application would create where the party against whom the judgment was rendered was a private party rather than the state. The problem arises due to potential impairment of a vested right. (*Id.*, at p. 224; see also Gov. Code, § 9606.)

"In both of its opinions, the Legislative Counsel was similarly concerned with constitutional problems arising from retroactive application. (Ops.Cal.Legis. Counsel, No. 6033, *supra,* at pp. 11021-11022; Ops.Cal.Legis. Counsel, No. 17984, at pp. 107, 108.) For example, literal interpretation of section 6 of chapter 150 could require reopening closed cases, or application of higher interest rates to judgments already satisfied.

"*We agree with Legislative Counsel, that such a result would be both unconstitutional and absurd.* (Ops.Cal.Legis. Counsel No. 17984, *supra,* at p. 108.) *A statute should be judicially construed in such a manner to avoid unconstitutional results.* [Citations.]" (Italics added; *American National Bank, supra,* at pp. 1208-1212.)

Respondents argue we should not follow the result and reasoning of *American National Bank* for numerous reasons. First, they contend that the opinion was concerned only with the predecessor statute to section 685.010 that expired on June 30, 1983, therefore it has no precedent value for interpreting the retroactivity of the current statute which was in effect when interest was computed in our present case. Second, chapter 150 containing the predecessor statute also contained section 6, *supra,* that specifically stated the statute could only run prospectively. The current section was enacted by statutes 1982, chapter 1364, and contained no provision similar to section 6 of chapter 150. It is respondents' position that the Legislature framed both statutes in the present tense, i.e. "[i]nterest accrues at the rate of 10 percent per annum on the amount of a judgment remaining unsatisfied," which can only mean *all* interest from date of judgment. However, section 6 modified this meaning by preventing retroactive application on the first statute. Removal of this restrictive language in the subsequent legislation leaves the statute intact without any limiting language. Therefore, all unsatisfied judgments carry 10 percent interest from the date of the judgment.

According to respondents, when a statute's language is clear and unambiguous we can look only to its language in determining legislative intent on retroactivity. Respondents acknowledge the rule of statutory construction that prevents retroactive application of a statute unless specifically authorized by the Legislature, yet we are told it would be inappropriate to consider this rule or the legislative history and the Attorney General's opinion in arriving at our decision.

■ We do not think the Legislature's intent on the statute's retroactivity is so easily determined, particularly in view of the inclusion and then the unexplained exclusion of section 6 in the two legislative enactments. As noted by Legislative Counsel and the Attorney General, *ante,* there was a sincere concern over retroactive application because vested interests of a constitutional dimension might be involved. The history of this case emphasizes the problem. The bona fide, well-intentioned appellant considers many factors before pursuing an appeal. A known interest rate could be one important factor in the final decision. A subsequent increase in the interest rate retroactively applied to the date of judgment would increase a vested and computable judgment. It is true, as illustrated by the first appeal of this case, a low interest rate can also encourage appeals taken solely for purposes of delay, but there is a remedy for such conduct and we applied it by ordering sanctions in the amount of $125,000.[5] In view of the constitutional concern stated by knowledgeable parties to the legislation, we do not believe the Legislature intended to express its approval to retroactivity by cavalierly omitting language similar to section 6. The better assumption is that the Legislature believed that section 6 contained in the first legislation had clearly expressed its intention that the statute was not to be applied retroactively and further amplification was unnecessary.

Respondents also contend we should disregard *American National Bank* v. *Peacock, supra,* 165 Cal.App.3d 1206, because it was briefed and argued on appeal in a nonadversary proceeding with only American National Bank participating and further argued that the contentions made to the court were entirely different from the arguments being advanced in this case. While we must agree that the specific issue in that case was related to an error in the legislation, it is clear from the opinion that the court carefully and in detail considered the full issue of retroactivity. By its thorough analysis of this issue, the court was able to resolve the problem. In other words, retroactivity was the key in determining whether the statute effectively set interest

---

[5]It could be argued with some logic that permitting retroactive application of the 10 percent interest rate would be a double sanction. We noted in our opinion, *Hersch* v. *Citizens Savings & Loan Assn.* (1983) 146 Cal.App.3d 1002 [194 Cal.Rptr. 628], that sanctions were awarded because it was obvious that appellant had taken the appeal to take advantage of the high interest rates which they received while holding onto respondents' judgment money.

rates at 10 percent per annum from January 1, 1982 or January 1, 1983. While we are not required to blindly follow an opinion of another district, it is entitled to great weight. We believe the reasoning of the *American National Bank* case is sound, and it logically follows that no retroactive application should be given to the statute for any purpose.

■ Appellants argue that if they prevail on this appeal (which they have) they are entitled to attorneys fees because the contract in the underlying litigation contained a provision that awards the prevailing party reasonable attorneys fees. (Civ. Code, § 1717.) We disagree. Appellant lost the underlying case in this litigation, and this appeal has no bearing on the merits of that litigation. The original cause of action asserted by respondents against appellants was predicated on a promissory note and security agreement which contained an express attorney fee clause. Respondents prevailed, and the judgment has now been satisfied. The issue before us was caused by a statutory enactment passed after the trial that pertained only to computation of interest on the earlier judgment. The litigation involving the contract was complete. If respondents had prevailed on this appeal, they, too, would not be entitled to attorneys fees for the same reasons.

Interest should be computed at the rate of 7 percent per annum on the unsatisfied judgment from November 20, 1980 to December 31, 1982 and 10 percent thereafter. The case is remanded for correct computation by the trial court.

The writ of execution authorizing interest at 10 percent per annum from date of judgment is reversed.

Feinerman, P. J., and Ashby, J., concurred.